**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| LEAH MOREAU, Individually and for Others Similarly Situated, | Case No. 4:20-cv-02893 |
| v. | Collective Action Pursuant To 29 U.S.C. § 216(b) |
| MEDICUS HEALTHCARE SOLUTIONS, LLC and MEDICUS HOSPITALIST SERVICES, LLC | |

# ORIGINAL COMPLAINT

### SUMMARY

1. Medicus Healthcare Solutions, LLC (Medicus Healthcare) and Medicus Hospitalist Services, LLC (Medicus Hospitalist) (collectively, "Medicus") failed to pay Leah Moreau (Moreau), and other workers like her, overtime as required by the Fair Labor Standards Act (FLSA).

2. During the relevant period, Medicus utilized the services of medical industry workers like Moreau to work on its behalf.

3. Many of the workers Medicus employed, including Moreau, were staffed by Medicus to medical facilities.

4. Moreau on the other the other workers like her who worked for, or on behalf of Medicus, regularly worked more than 40 hours per workweek.

5. However, Moreau and the other workers like her were not paid overtime.

6. Instead, Medicus misclassified these workers as independent contractors and paid them the same hourly rate for all hours worked, including those in excess of 40 in a work week. ("straight time for overtime") with no overtime in violation of the FLSA.

7. Moreau brings this collective action to recover unpaid overtime and other damages.

## JURISDICTION AND VENUE

8. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

9. Venue is proper in this Court because Moreau performed work for Medicus in this District and Division.

## THE PARTIES

10. Moreau is an hourly employee of Medicus.

11. Throughout her employment, she was paid straight time for overtime.

12. Her written consent is attached as Exhibit A.

13. Moreau brings this action on behalf of herself and all other similarly situated personnel who worked for, or on behalf of Medicus in the medical industry, who were classified as independent contractors and paid straight time for overtime.

14. Moreau and the workers like her were paid the same hourly rate for every hour worked and did not receive overtime for all hours that they worked over 40 hours in a workweek in accordance with the FLSA.

15. The class of similarly situated employees sought to be certified is defined as follows:

**All medical industry personnel of Medicus who were, at any point in the past 3 years, paid "straight time for overtime" and classified as independent contractors (the "Putative Class Members")**

16. Medicus is headquartered in New Hampshire, but provides services throughout the country.

17. Medicus Healthcare may be served with process by serving its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

18. Medicus Hospitalist may be served with process by serving its registered agent Joseph Matarese at 22 Roulston Road, Windham, New Hampshire 03087 or wherever he may be found.

**COVERAGE UNDER THE FLSA**

19. At all relevant times, Medicus was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

20. At all relevant times, Medicus was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

21. At all relevant times, Medicus was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cell phones, computers, walkie-talkies, hardhats, and personal protective equipment - that have been moved in or produced for commerce.

22. At all relevant times, Medicus had an annual gross volume of sales made in excess of $1,000,000.

23. At all relevant times, Moreau and the Putative Class Members (defined below) were engaged in commerce or in the production of goods for commerce.

24. At all relevant times hereinafter mentioned, Medicus treated Moreau and the Putative Class Members as employees and applied its straight time for overtime pay practice to Moreau and the Putative Class Members.

25. The misclassification of Moreau and the Putative Class Members as independent contractors does not alter their status as employees for purposes of this FLSA collective action

**THE FACTS**

26. Medicus. provides staffing solutions for the medical industry throughout the nation.

27. Medicus partners with hundreds of healthcare facilities and staffs physicians, nurse practitioners, nurses, and other healthcare professionals.

28. To provide these medical services, Medicus hires workers like Moreau.

29. Moreau works for Medicus as a nurse practitioner.

30. Medicus hired Moreau in April of 2020.

31. Medicus staffs Moreau to Methodist Continuing Care Hospital Houston area.

32. Moreau is tasked with performing basic nursing duties such as caring for patients, checking vitals, administering first aid, and triaging patients.

33. Moreau reports the hours she works to Medicus on a regular basis.

34. Medicus does not guarantee Moreau a salary.

35. Moreau is paid $80 for every approved hour worked.

36. If Moreau works fewer than 40 hours in a week, she was only paid only for the hours worked.

37. But Moreau normally works more than 40 hours in a week.

38. Moreau is scheduled to work 12 hour shifts.

39. Moreau routinely works 6-7 days a week.

40. Moreau works 72 to 84 hours a week.

41. The hours Moreau and the Putative Class Members' work are reflected in Medicus' records.

42. Medicus pays Moreau at the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

43. While Moreau's independent practitioner agreement listed her overtime rate at $120 an hour, she is only paid that rate if she works more than 12 hours in a single day.

44. According to Moreau's independent practitioner agreement, overtime only applies after 12 hours with prior approval and written explanation.

> ☑ All shifts pending credentialing
> OT applies after 12 hours with prior approval and written explanation

45. So if Moreau worked 7 straight 12 hour shifts in a workweek, she was only paid her straight time rate of $80/ hour for all 84 hours.

46. Moreau receives all her work assignments from Joe Crowley, a Medicus Hospitalist and Account Representative.

47. Throughout her employment, Medicus classified Moreau as an independent contractor and paid her straight time for overtime.

48. Rather than receiving time and half as required by the FLSA, Moreau only receives "straight time" pay for overtime hours worked unless she worked over 12 hours in a single workday.

49. This "straight time for overtime" payment scheme violates the FLSA.

50. The work Moreau performs is an essential part of Medicus' business.

51. During Moreau's employment with Medicus, Medicus and its client exercises control over all aspects of her job.

52. Medicus did not require any substantial investment by Moreau for her to perform the work required of her.

53. Medicus and its client controls Moreau's opportunity for profit and loss by dictating the days and hours she works and the rate she is paid.

54. While working for Medicus, Medicus and its client controls all the significant or meaningful aspects of the job duties performed by Moreau.

55. Medicus exercises control over the hours and locations Moreau works, tools and equipment she uses, and rates of pay she receives.

56. No real investment is required of Moreau to perform her job.

57. More often than not, Moreau utilizes equipment provided by Medicus or its clients to

5

perform her job duties.

58. Moreau does not provide the significant equipment she works with on a daily basis. Medicus or the hospital facility made the large capital investments in buildings, machines, equipment, tools, and supplies in the business in which Moreau works.

59. Moreau does not incur operating expenses like rent, payroll, marketing, and insurance.

60. Moreau has been and is economically dependent on Medicus during her employment.

61. Medicus set Moreau's rates of pay, her work schedule, and effectively prevented (or outright prohibited) her from working other jobs for other companies while she is working on jobs for Medicus.

62. Medicus directly determines Moreau's opportunity for profit and loss.

63. Moreau's earning opportunity is based on the number of hours she works for Medicus.

64. Indeed, the daily and weekly activities of Moreau and the Putative Class Members are routine and largely governed by standardized plans, procedures, and checklists created by Medicus and its clients.

65. Virtually every job function is pre-determined by Medicus and its clients, including the tools and equipment to use at a job site, the data to compile, the schedule of work, and related work duties.

66. The Putative Class Members are prohibited from varying their job duties outside of the pre-determined parameters and are required to follow Medicus and its client's policies, procedures, and directives.

67. All of the Putative Class Members working for, or on behalf of Medicus, are subjected to the same or similar policies and procedures, which dictate the day-to-day activities performed by each person, regardless of the medical facility they were staffed to.

68. The Putative Class Members working for, or on behalf of Medicus, also worked similar

hours as Moreau and were denied overtime as a result of the same illegal pay practice, regardless of the medical facility they were staffed to.

69. All of the Putative Class Members working for, or on behalf of Medicus, all work in excess of 40 hours each week and were often scheduled to work 12-hour shifts for weeks at a time, regardless of the medical facility they were staffed to.

70. Instead of paying them overtime, Medicus pays Moreau and the Putative Class Members straight time for overtime and misclassified them as independent contractors.

71. Medicus denied Moreau and the Putative Class Members overtime for hours worked in excess of 40 hours in a single workweek.

72. Moreau and the Putative Class Members are not paid on a salary basis. They do not receive any guaranteed weekly compensation from Medicus irrespective of hours worked.

73. Because Moreau and the Putative Class Members like her were misclassified as independent contractors by Medicus, they should receive overtime for all hours worked in excess of 40 hours in each workweek.

74. Medicus' straight time for overtime scheme violates the FLSA because Moreau and the Putative Class Members like her did not receive any overtime pay for hours worked over 40 hours each week.

75. Medicus was and is aware of the overtime requirements of the FLSA.

76. Medicus nonetheless fails to pay certain hourly employees, such as Moreau, overtime.

77. Moreau and the Putative Class Members perform job duties in furtherance of the medical industry and are subjected to similar compensation practices.

78. Moreau and the Putative Class Members also work similar hours and are denied overtime because of the same illegal pay practice.

79. Moreau and the Putative Class Members regularly work in excess of 40 hours each week.

80. Medicus does not pay Moreau and the Putative Class Members on a salary basis.

81. Medicus pays Moreau and the Putative Class Members "straight time for overtime."

82. Medicus fails to pay Moreau and the Putative Class Members overtime for hours worked in excess of 40 hours in a single workweek.

83. The only time Moreau and the Putative Class Members would receive overtime is if they worked over 12 hours in a single workday.

84. Medicus knew, or acted with reckless disregard for whether, Moreau and the Putative Class Members were paid on a salary basis or were exempt from the FLSA overtime requirements.

85. Medicus' failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

86. Medicus' illegal "straight time for overtime" policy extends beyond Moreau.

87. The illegal pay practices Medicus imposed on Moreau were likewise imposed on the Putative Class Members working for, or on behalf of, Medicus.

88. Numerous individuals were victimized by Medicus' pattern, practice, and policy which is in willful violation of the FLSA.

89. Based on her experiences and tenure with Medicus, Moreau is aware that such illegal practices were imposed on the members of the Putative Class.

90. Moreau and the Putative Class Members like her were all improperly classified as independent contractors and not afforded the overtime compensation when they worked in excess of forty hours per week.

91. Medicus' failure to pay wages and overtime compensation at the rates required by federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of any of the Putative Class Members like Moreau.

92. Moreau's experiences are therefore typical of the Putative Class Members who worked for, or on behalf of, Medicus.

93. The specific job titles or precise job locations of the various members of the Putative Class Members do not prevent collective treatment.

94. Moreau has no interests contrary to, or in conflict with, the members of the Putative Class Members. Like each member of the Putative Class Members, Moreau has an interest in obtaining the unpaid overtime wages owed under federal law.

95. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

96. Absent this action, the Putative Class Members likely will not obtain redress of their injuries and Medicus will reap the unjust benefits of violating the FLSA.

97. Furthermore, even if some of the Putative Class Members could afford individual litigation against Medicus, it would be unduly burdensome to the judicial system.

98. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the Putative Class Members and provide for judicial consistency.

99. Moreau's claims are similar to the claims of the Putative Class Members who worked for, or on behalf of, Medicus who were classified as independent contractors and paid straight time for overtime with no overtime compensation. Moreau and the Putative Class Members sustained damages arising out of Medicus' illegal and uniform employment policy.

100. Moreau knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

101. Even if the number of hours worked by the workers like Moreau varies, the proof and method for calculating damages is common.

102. Further, there is no detraction from the common nucleus of liability facts).

## CAUSE OF ACTION

103. By failing to pay Moreau and the Putative Class Members overtime at one-and-one-half times their regular rates, Medicus violated the FLSA's overtime provisions.

104. Medicus owes Moreau and the Putative Class Members the difference between the rate actually paid and the proper overtime rate.

105. Because Medicus knew, or showed reckless disregard for whether its pay practices violated the FLSA, Medicus owes these wages for at least the past three years.

106. Medicus is liable to Moreau and the Putative Class Members for an amount equal to all unpaid overtime wages as liquidated damages.

107. Moreau and the Putative Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## JURY DEMAND

108. Moreau demands a trial by jury.

## PRAYER

109. Moreau prays for relief as follows:

   a. An order allowing this action to proceed as a collective action under the FLSA and directing notice to the Putative Class Members;

b. Judgment awarding Moreau and the Putative Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

c. An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

d. All such other and further relief to which Moreau and the Putative Class Members may show themselves to be justly entitled.

Respectfully submitted,

By: */s/ Michael A. Josephson*
 **Michael A. Josephson**
 Fed. Id. 27157
 State Bar No. 24014780
 **Andrew W. Dunlap**
 Fed Id. 1093163
 State Bar No. 24078444
 **Richard M. Schreiber**
 Fed Id. 705430
 State Bar No. 24056278
 **JOSEPHSON DUNLAP, LLP**
 11 Greenway Plaza, Suite 3050
 Houston, Texas 77046
 713-352-1100 – Telephone
 713-352-3300 – Facsimile
 mjosephson@mybackwages.com
 adunlap@mybackwages.com
 rschreiber@mybackwages.com

**AND**

 **Richard J. (Rex) Burch**
 Fed. Id. 21615
 State Bar No. 24001807
 **BRUCKNER BURCH, P.L.L.C.**
 8 Greenway Plaza, Suite 1500
 Houston, Texas 77046
 713-877-8788 – Telephone
 713-877-8065 – Facsimile
 rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**