UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| LEAH MOREAU, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>MEDICUS HEALTHCARE SOLUTIONS, LLC, and MEDICUS HOSPITALIST SERVICES, LLC<br>Defendants. | ) | Docket No. 1:20-cv-01107 |

**AMENDED ANSWER**

The Defendants Medicus Health Care Solutions, LLC and Medicus Hospitalist Services, LLC (collectively "Medicus"), hereby answer the Complaint as follows:

1. Denied.

2. Denied.

3. Denied. By way of further explanation, neither Medicus entity employed Moreau or any other worker staffed at a medical facility.

4. As to Moreau, denied. The Complaint is vague and conclusory about who constitutes workers like Moreau, and therefore Medicus lacks sufficient facts to form a belief as to the truth of the remaining allegations in Paragraph 4, which are, accordingly, denied.

5. Medicus admits that Moreau was not paid overtime, if "overtime" has the meaning set forth in the Fair Labor Standards Act. By way of further explanation, Moreau was paid some overtime based on the contract she signed with Medicus Hospitalist Services, LLC. The Complaint is vague and conclusory about who constitutes workers like Moreau, and

therefore Medicus lacks sufficient facts to form a belief as to the truth of the remaining allegations in Paragraph 5, which are, accordingly, denied.

6. Medicus admits that Moreau is an independent contractor and admits that she was paid the same hourly rate for all the hours she did work up to twelve hours in a given day. By way of further explanation, if Moreau worked more than twelve hours in a given day, she was paid a higher hourly rate. The remaining allegations are denied.

7. Medicus admits only that Plaintiff brought this suit to seek overtime and other damages under the FLSA. To the extent Paragraph 7 makes any other factual allegations, they are denied.

8. Admitted.

9. Denied. By way of further explanation, venue is appropriate in the District of New Hampshire because, among other reasons, the mandatory forum selection clause in Moreau's contract requires suits to be brought in New Hampshire.

10. Denied.

11. Medicus admits that Moreau was paid the same hourly rate for all of her work up to twelve hours in a given day. By way of further explanation, if Moreau worked more than twelve hours in a given day, she was paid a higher hourly rate. All other factual allegations in Paragraph 11 are denied.

12. Medicus is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 12 and therefore denies them.

13. Medicus admits that Plaintiff is describing what her lawsuit is about but denies any validity to the claims in such lawsuit and denies any other factual allegation in Paragraph 13.

14. Medicus admits that Moreau was paid the same hourly rate for all of her work up to twelve hours in a given day and that she did not receive overtime pay if "overtime pay" has the meaning set forth in the Fair Labor Standards Act. By way of further explanation, if Moreau worked more than twelve hours in a given day, she was paid a higher hourly rate. All other factual allegations in Paragraph 14 are denied.

15. Medicus admits that Plaintiff is describing what she believes is a class of similarly situated employees. Medicus denies that a class should be certified, denies that any such individuals are employees, and denies that the proposed class definition is valid or adequate.

16. Admitted.

17. Admitted.

18. Admitted.

19. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, any legal conclusions are denied.

20. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, any legal conclusions are denied.

21. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, any legal conclusions are denied.

22. Admitted.

23. Denied. By way of further explanation, Moreau only provided services under her contract in a single state.

24. Medicus admits only that Moreau was not paid overtime if "overtime" has the meaning set forth in the Fair Labor Standards Act. As to Moreau, she was paid the same hourly rate for all hours worked up to twelve hours in a given day after which she was paid a higher

hourly rate. As to other independent contractors, their individual arrangements as to compensation varied according to the contracts they negotiated with Medicus. Medicus denies the remaining allegations in Paragraph 24.

25. Denied.

26. Medicus admits that it provides staffing solutions for the medical industry throughout the nation.

27. Medicus admits that it has over the years contracted with many facilities and healthcare professionals. Medicus denies the remaining allegations in Paragraph 27.

28. Denied.

29. Medicus admits that Moreau is a nurse practitioner. It denies the remaining allegations in Paragraph 30.

30. Denied. By way of further explanation, Defendant Medicus Hospitalist Services, Inc. and Moreau entered into an independent contractor agreement in April 2020.

31. Medicus admits only that under her independent contractor agreement and its accompanying "Schedule A"'s, which speak for themselves, Moreau agreed to provide locum tenens coverage at Methodist Continuing Care Hospital located in Katy, Texas. It denies any remaining allegations in Paragraph 31.

32. Medicus did not oversee or assign any work conducted by Moreau and is therefore without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 32, and therefore denies them.

33. Medicus admits only that Moreau regularly reported to Defendant Medicus Hospitalist Services, LLC the hours she said she worked at the Methodist Continuing Care Hospital. It denies any other allegations in Paragraph 33.

34. Admitted.

35. Medicus admits only that under her independent contractor agreement she was paid $80 or $85 per hour worked in accordance with her chosen assignment, though she could be paid $120 or $127.50 for hours worked over 12 hours in a day. All other allegations are denied.

36. Admitted.

37. Denied.

38. Medicus admits that her chosen schedule, and the one issued to Moreau by the facility at which she provided services, was sometimes 12-hour shifts, but not always. Any other allegations in Paragraph 38 are denied.

39. Denied.

40. Denied.

41. Medicus admits that the hours worked by Moreau are reflected in the records of Defendant Medicus Hospitalist Services, LLC. The Complaint is vague and conclusory about who constitutes workers like Moreau, and therefore Medicus lacks sufficient facts to form a belief as to the truth of the remaining allegations in Paragraph 41, which are, accordingly, denied.

42. Same answer as to Paragraph 35.

43. Denied. By way of further explanation, some of the Schedule A's Moreau signed set forth an hourly rate higher than $120 per hour for hours beyond twelve hours in a given day.

44. Admitted.

45. Medicus admits only that on one occasion Moreau reported that she worked 7 consecutive 12 hour shifts and was paid $80 per hour for those hours. It denies the remaining allegations in Paragraph 45.

46. Medicus admits that Joe Crowley presented to Moreau opportunities to work at Methodist Continuing Care Hospital if she so chose and discussed with her the terms of her agreement to work at Methodist Continuing Care Hospital. Medicus also admits that Joe Crowley works as a Recruiter assisting independent contractors like Moreau find placements at facilities. Medicus denies any other allegations in Paragraph 46.

47. Medicus admits that Moreau contracted with Medicus Hospitalist Services, LLC. as an independent contractor and that she received the same hourly rate for all hours she worked at Methodist Continuing Care Hospital up to twelve hours in a given day and a higher hourly rate if she worked more than twelve hours in a day. Medicus denies any other allegations in Paragraph 47.

48. Medicus admits only that that she received the same hourly rate for all hours she worked at Methodist Continuing Care Hospital Medicus up to twelve hours in a given day and a higher hourly rate if she worked more than twelve hours in a day, but Medicus denies any other allegations in Paragraph 48.

49. Denied.

50. Denied.

51. Denied in the Medicus does not exercise any control over Moreau as she performs her job, and further because Medicus did not oversee or assign any work conducted by Moreau it is therefore without sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 51 and therefore denies them.

52. Denied.

53. Denied.

54. Same response as to Paragraph 51.

55. Denied.

56. Denied.

57. Denied in the Medicus does not provide any equipment, but its clients frequently do provide equipment for use by independent contractors such as Moreau. Medicus lacks information sufficient to admit or deny whether Moreau actually used the equipment provided to her by Methodist Continuing Care Hospital, so those allegations are denied.

58. Medicus admits only that Moreau does not own any of the buildings in which Moreau worked and that the facilities provide at least some of the materials and equipment she used to provide her independent contractor services. Medicus denies the remaining allegations in Paragraph 58.

59. Medicus is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 59, and thus denies them.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied. By way of further explanation, independent contractors reach varying types of arrangements after negotiating with the facilities at which they work, so the methods of determining compensation vary.

70. Denied. By way of further explanation, independent contractors reach varying types of arrangements after negotiating with the facilities at which they work, so the methods of determining compensation vary.

71. Medicus admits only that Moreau received the same hourly rate for all hours she worked at Methodist Continuing Care Hospital up to twelve hours in a given day, but was paid a higher hourly rate if she worked more than twelve hours in a day. The Complaint is vague and conclusory about who constitutes workers like Moreau, and therefore Medicus lacks sufficient facts to form a belief as to the truth of the remaining allegations in Paragraph 71, which are, accordingly, denied. Medicus denies the remaining allegations in Paragraph 71.

72. Medicus admits only that Moreau was not paid a salary and does not receive guaranteed weekly compensation, apart from certain payments under her independent contractor agreement, which speaks for itself. The Complaint is vague and conclusory about who constitutes workers like Moreau, and therefore Medicus lacks sufficient facts to form a belief as to the truth of the remaining allegations in Paragraph 72, which are, accordingly, denied. Medicus denies the remaining allegations in Paragraph 72.

73. Denied.

74. Denied.

75. Admitted.

76. Denied.

77. Medicus admits only that Moreau works in the medical industry. All other allegations in paragraph 77 are denied.

78. Denied.

79. Denied.

80. Medicus admits only that Moreau was not paid a salary and denied all other allegations in Paragraph 80.

81. Medicus admits only that Moreau received the same hourly rate for all hours she worked at Methodist Continuing Care Hospital up to twelve hours in a given day after which she is paid a higher hourly rate. Medicus denies the remaining allegations in Paragraph 81.

82. Medicus admits only that Moreau received the same hourly rate for all hours she worked at Methodist Continuing Care Hospital up to twelve hours in a given day after which she is paid a higher hourly rate. The Complaint is vague and conclusory about who constitutes workers like Moreau, and therefore Medicus lacks sufficient facts to form a belief as to the truth of the remaining allegations in Paragraph 82, which are, accordingly, denied. Medicus denies the remaining allegations in Paragraph 82.

83. Medicus admits only that pursuant to the terms of her independent contractor agreement she could receive $120 or $127.50 per hour if she worked longer than 12 hours in a single day. All other allegations are denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Medicus is without sufficient information to form a belief as to what Moreau knows, and so denies the allegations in Paragraph 100.

101. Denied.

102. Denied.

103. Denied.

104. Denied

105. Denied

106. Denied

107. Denied.

108. No response is necessary to Plaintiff's jury demand.

109. Medicus denies that any relief should be granted to Moreau or others.

## STATEMENT OF AFFIRMATIVE DEFENSES

1. Plaintiff has not stated a claim upon which relief can be granted.
2. Plaintiff's claims are barred by the applicable statute of limitations.
3. Plaintiff had no contractual relationship with Medicus Health Care Solutions, LLC, who accordingly is not liable to Moreau for anything.
4. Plaintiff is not an employee covered by the FLSA.
5. Plaintiff's claims are barred by the terms of the agreement as well as the doctrines of estoppel and unclean hands.

Respectfully submitted,

Medicus Healthcare Solutions, LLC et al.

By Their Attorneys,

SHEEHAN PHINNEY BASS & GREEN PA

Dated: January 4, 2021

By: */s/ James P. Harris*
James P. Harris (NH Bar #15336)
John-Mark Turner (NH Bar # 15610)
1000 Elm Street, P.O. Box 3701
Manchester, NH 03105-3701
(603) 627-8152
jharris@sheehan.com
jturner@sheehan.com

and

PAUL HASTINGS, LLP

Dated: January 4, 2021

By: /s/ Kenneth W. Gage
Kenneth W. Gage, pro hac vice pending
200 Park Avenue
New York, NY 10166
(212) 318-6046
kennethgage@paulhastings.com

CERTIFICATION

I hereby certify that on January 4, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

*/s/ James P. Harris*
James P. Harris