# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| LEAH MOREAU, Individually and for Others Similarly Situated,<br><br>v.<br><br>MEDICUS HEALTHCARE SOLUTIONS, LLC and MEDICUS HOSPITALIST SERVICES, LLC. | Case No. 1:20-CV-01107-JD<br><br>Collective Action<br><br>Pursuant To 29 U.S.C. § 216(b) |

**MEDICUS HOSPITALIST SERVICES, LLC'S RESPONSES TO PLAINTIFF'S FIRST SET OF DISCOVERY**

Defendant Medicus Hospitalist Services, LLC ("Medicus") responds to the discovery propounded by Plaintiff Leah Moreau as follows:

**OBJECTIONS TO DEFINITIONS**

1. Medicus objects to the definition of "Plaintiffs" in that the definition turns on those individuals who have filed a written consent to join this action. As of the date of these responses, the only person who appears to have done so is Ms. Moreau. As additional individuals are not yet known to Medicus, these responses will be limited to Ms. Moreau unless otherwise stated.

2. Medicus objects to the definition of "Class Members" in that no nursing professionals have been employed by or worked on behalf of Medicus during the Relevant Time Period. Nursing professionals have agreed to temporary placements at hospitals, medical practices and other similar entities as a result of placement services provided by Medicus, but have neither been employed by nor worked on behalf of Medicus. Medicus also objects to the definition of "Class Members" because it uses the term "overtime compensation," which is undefined and subject to more than one interpretation. For example, Ms. Moreau and, upon information and belief, other nursing professionals agreed to accept a contractual overtime rate. Medicus also objects to the definition of "Class Members" to the extent it attempts to extend the meaning to individuals who have not consented to join this action.

3. Medicus objects to providing any documents, responses, or information pertaining to individuals other than Ms. Moreau at this time, for the reasons stated in Medicus' Motion to Bifurcate Proceedings (ECF No. 46). Each of the responses below are construed so as to be limited to Ms. Moreau.

4. Medicus objects to the definitions of "Personnel Records" and "Personnel File" because

the definition(s) is/are overly broad and unduly burdensome in the attempt to include all documents that "refer" to an individual. Such a definition would, for example, extend to every email communication with or about each individual during the relevant time period. While Medicus does not maintain Personnel Records of Personnel Files as Plaintiff defines those terms, the nursing professionals at issue in this matter are not employees of Medicus, so the definitions of these terms have no application to Medicus. Some of the business information Medicus possesses relating to nursing professionals is private and confidential to them, so Medicus objects to producing the private and confidential information without an authorization signed by the individual, except for Ms. Moreau. Medicus also objects to this definition in that Medicus does not make decisions as to a nursing professional's eligibility for placements at hospitals, practice groups and other medical facilities. Nor does Medicus promote, transfer, discipline nursing professionals, or make offers of employment to nursing professionals.

5. Medicus objects to the definition of "Employment" because the nursing professionals that are at issue in this case are not employees of Medicus and they do not provide services at the request of or on behalf of Medicus. Nursing professionals have agreed to temporary placements at hospitals, medical practices and other similar entities as a result of services provided by Medicus, but have neither been employed by nor worked on behalf of Medicus.

6. Medicus objects to the instruction of "Identify" and "Identity" as they relate to a "Person" to the extent that it requires Medicus to disclosure the title, position and place of employment for the nursing professionals at issue in this litigation as Medicus may not possess such information. Whereas the nursing professionals have not been hired by Medicus, that portion of the definition will not apply and will not be part of Medicus' responses.

7. Medicus objects to the instruction as to "State the Basis" to the extent it requires identification of "each and every" document, part of document, and communication. Medicus will conduct a reasonable inquiry and respond after doing so.

Each of these objections is incorporated into Medicus' responses to the discovery requests below.

## INTERROGATORIES

1. IDENTIFY all CLASS MEMBERS by providing each CLASS MEMBER's name, last known address, phone number, email address, start and end dates of work, job title(s), position(s), hours worked, locations worked, and pay received.

**ANSWER: Medicus objects to the extent this interrogatory seeks information for anyone other than Ms. Moreau, for the reasons stated in Medicus' Motion to Bifurcate Proceedings (ECF 46). Without waiving the foregoing, information pertaining to Ms. Moreau is as follows:**

**Leah Moreau**
[redacted]

**Pursuant to Fed. R. Civ. P. 33(d), Medicus states the dates on which Ms. Moreau worked, the hours worked, the locations at which she worked and the pay received may be determined by examining records produced in response to Plaintiff's First Request for Production of Documents and the burden of deriving or ascertaining the answer will be substantially the same for either party. As such, Medicus directs Ms. Moreau to the Independent Physician Agreements, the Schedule A's to those agreements, and the payment remittance documents produced.**

2. IDENTIFY and describe all wages, bonuses, fringe benefits, per diems, and any other form of compensation paid to each PLAINTIFF and CLASS MEMBER during the RELEVANT TIME PERIOD.

**ANSWER: The compensation paid to Ms. Moreau is determined by the Schedule A's to her Independent Physician Agreement with Medicus Hospitalist Services. The amounts paid are reflected on the payment remittance documents sent to her.**

**Pursuant to Fed. R. Civ. P. 33(d), Medicus states that the answer to this interrogatory may be determined by examining records produced in response to Plaintiff's First Request for Production of Documents and the burden of deriving or ascertaining the answer will be substantially the same for either party. As such, Medicus directs Ms. Moreau to the Independent Physician Agreements, the Schedule A's to those agreements, and the payment remittance documents produced.**

3. If Medicus claims a good faith defense, please STATE THE BASIS for MEDICUS' contention that its actions were taken in good faith in conformity with and in reliance upon a written administrative regulation, order, ruling, approval or interpretation of the Administrator of the Wage and Hour Division of the U.S. Department of Labor and/or other legal authority.

**ANSWER: Not applicable.**

4. Please describe with detail and specificity all equipment and materials MEDICUS provided or made available to PLAINTIFF and the CLASS MEMBERS, either directly or indirectly through a healthcare provider, for work on MEDICUS's agreements.

**ANSWER: Medicus objects to the terms "equipment" and "materials" as those terms are ambiguous. Without waiving the foregoing objection, Medicus responds that it did not provide any materials, tools or equipment necessary for Ms. Moreau to provide services to the patients she served. Ms. Moreau agreed to and in fact utilized the equipment and resources provided by the hospital, practice group or other similar facilities providing her with the assignments. Medicus did not provide any materials, equipment or tools to the hospitals, practice groups or facilities that were required for use by Ms. Moreau.**

5. Please describe with detail and specificity any standards and/or requirements MEDICUS had on PLAINTIFF and the CLASS MEMBERS, either directly or indirectly, including but not limited to any training requirements, time approval, dress code, or break policies, and IDENTIFY and describe all DOCUMENTS related to such requirements.

**ANSWER: Medicus objects to the terms "standards and/or requirements" as those terms are ambiguous. Without waiving the foregoing objection, Medicus responds that any obligations owed by Ms. Moreau are stated in her contracts with Medicus. Ms. Moreau agreed to follow the policies and procedures set by the hospital, practice group, or other similar facility providing her with the assignment. With respect to Ms. Moreau, Medicus did not set or require compliance with any training requirement, dress code, or break policies. As stated in the contracts between Medicus and Ms. Moreau and in practice, Medicus required that Ms. Moreau complete a form indicating the hours worked; obtain confirmation of the reported hours from the appropriate supervisor at the hospital, practice group or facility; and transmit that form to Medicus in a timely manner so that invoices can be generated and Ms. Moreau can be paid. If the hospital, practice group or facility required prior approval before a nursing professional works any overtime, as that term is defined in the contracts with Medicus, Medicus also expected Ms. Moreau to honor that procedure imposed by the hospital, practice group or facility.**

6. IDENTIFY each PERSON who participated in any decision-making regarding the classification, payment of wages, and outsourcing of PLAINTIFF and CLASS MEMBERS.

**ANSWER: Medicus objects that this Interrogatory is overly broad and vague in that "decision-making" on the topics listed could be interpreted to mean all employees involved in the placement of nursing professionals.**

7. STATE THE BASIS, both legal and factual, for MEDICUS' contention that PLAINTIFF and CLASS MEMBERS' claims are barred by affirmative defenses. For each claimed

defense, list all facts and law supporting each element of the affirmative defense claimed.

**ANSWER:** **Medicus objects to the extent this Interrogatory calls upon Medicus to include legal arguments and to "list all law" supporting each element of an affirmative defense, as such information is protected by the work product privilege and the request is unduly burdensome. Medicus therefore limits its response to the factual basis for the affirmative defenses, as those facts are known at this very early stage. Without waiving the foregoing and subject to the described limitation, Medicus responds:**

**1. Plaintiff has not stated a claim upon which relief can be granted:**

**Plaintiff is an independent contractor who is not covered by the FLSA. Plaintiff did not work more than 40 hours in a week except on a few occasions.**

**2. Plaintiff's claims are barred by the applicable statute of limitations:**

**To the extent the complaint seeks to assert claims or seek damages based on assignments that were completed more than two years prior to the date on which an individual Class Member opts into the class, those claims are barred as untimely.**

**3. Plaintiff had no contractual relationship with Medicus Healthcare Solutions, LLC:**

**Ms. Moreau did not sign a contract with Medicus Healthcare Solutions, LLC. She signed a contract with Medicus Hospitalist Services, LLC. The terms of her assignments were set by the contract she signed.**

**4. Plaintiff is not an employee covered by the FLSA:**

**See Medicus' response to Int. #10.**

**5. Plaintiff's claims are barred by the terms of the agreement as well as the doctrines of estoppel and unclean hands:**

**Ms. Moreau alleges in her Complaint that she worked many more hours than what she reported to Medicus during the assignments. If the allegations in the Complaint are true and accurate, she underreported the hours she worked and should not be allowed to profit from her own wrongdoing. The same facts apply with respect to the defense of unclean hands.**

8. STATE THE BASIS, for MEDICUS' contention that a collective action is inappropriate as PLAINTIFF and the others purporting to be CLASS MEMBERS, if any, are not similarly situated.

**ANSWER: There are numerous differences among putative class members. Among other things, they worked in different locations, for different types of facilities, under different contracts, doing different jobs. Their qualifications, responsibilities, and scopes of practice are different. They worked different hours and some of them may have held other jobs. They incurred different costs and expenses. Medicus believes other differences likely exist depending on the identity of the class member.**

9. Please describe the policies and procedures used by MEDICUS to ensure compliance with federal and state wage and overtime payment laws and regulations, including but not limited to the FLSA.

**ANSWER: Medicus objects to this interrogatory to the extent it purports to apply to workers other than the nursing professionals at issue in this case. Medicus limits its answer to just Ms. Moreau and responds: Ms. Moreau was not an employee of Medicus, so the wage and overtime payment laws and regulations, including the FLSA, do not apply. Medicus has arranged its relationship with Ms. Moreau to maintain her proper status as independent contractors. See also Medicus's response to Int. #10.**

10. STATE THE BASIS, for MEDICUS' contention that PLAINTIFF was not an employee of MEDICUS.

**ANSWER: Medicus objects to the extent this Interrogatory seeks information protected by the attorney-client privilege and/or work product privilege. Medicus objects to the instructions to "state the basis," as set forth above. Without waiving the foregoing objections, Medicus limits its response to the facts demonstrating that Ms. Moreau is not an employee of Medicus and responds as follows: Medicus did not exert control over Ms. Moreau in the performance of her nursing duties for the patients she served. Ms. Moreau agreed to follow the direction of and be supervised by the medical personnel at the facility at which she worked. Ms. Moreau negotiated the terms of her assignments, including the rates of compensation she would be paid and under what circumstances she would be paid overtime, as that term is defined in her agreement; Medicus did not dictate the compensation to be paid. The assignments Ms. Moreau accepted were temporary and sporadic. She was free to accept or reject any of the openings offered to her by the medical facility. The openings she accepted were discrete and temporary in length. The services Ms. Moreau provided to the patients she served required her to apply her training, skill, knowledge and judgement – qualities that the average person does not possess. Because Medicus is a staffing company, as opposed to an actual provider of nursing services, the tasks Ms. Moreau performed for the patients she served are not essential to the staffing services Medicus performs as its business; Medicus does not provide nursing services itself and is in a line of business distinct from that which Ms. Moreau occupies. There are further aspects of Ms. Moreau's completing assignments at the facility about which Medicus does not have knowledge, such as her investment in her work or the expenses she incurred, but these too may be pertinent.**

11. IDENTIFY all claims, notices of claims, investigations, inquiries, and lawsuits involving YOU where an allegation was made that MEDICUS failed to provide employees or independent contractors proper wages and overtime pay by providing the following:

a. Name and address of all parties;
b. The job titles or class of employees involved;
c. The names and address of the attorney representing the plaintiff/complainant;
d. The substance of the facts alleged;
e. If no suit was filed, the date on which you received notice of the claim;
f. If suit was filed, the date of filing and court and case number;
g. The disposition;
h. The DOCUMENTS sent and received; and
i. The name and address of the PERSON having custody of all records related to the matter.

**ANSWER: None and not applicable.**

**Signature for Answers to Interrogatories**

I, Kimberly Williams [name], am authorized to sign these Answers to Interrogatories on behalf of Medicus Hospitalist Services, LLC and do so under oath. These Answers do not come solely from my personal knowledge, but rather consist of information gathered from several employees after making a reasonable inquiry to collect information to respond to these Interrogatories.

Dated: February 19, 2021

By: Kimberly Williams
NAME Kimberly Williams
Duly authorized

STATE OF NEW HAMPSHIRE

COUNTY OF ROCKINGHAM, SS.

The foregoing answers to interrogatories were subscribed and sworn to before me, this 19th day of February 2021.

Notary Public

My commission expires: 3/25/2025

Heather L Croke
STATE OF NEW HAMPSHIRE
MY COMMISSION EXPIRES March 25, 2025
NOTARY PUBLIC

## REQUESTS FOR PRODUCTION

1. Produce all job descriptions covering the job titles for the PLAINTIFF and CLASS MEMBERS during the RELEVANT TIME PERIOD.

   **RESPONSE: Medicus does not create or possess job descriptions for Ms. Moreau. The hospitals, facilities, and practice groups with openings frequently describe the positions they seek to fill. Medicus produces the descriptions of the assignments in its possession for Ms. Moreau.**

2. Produce computer-readable data showing the wages and/or other compensation MEDICUS paid to PLAINTIFF and CLASS MEMBERS during the RELEVANT TIME PERIOD. If computer-readable data is not available, DOCUMENTS showing the wages and/or other compensation MEDICUS paid to PLAINTIFF and CLASS MEMBERS during the RELEVANT TIME PERIOD.

   **RESPONSE: Medicus objects to providing documents pertaining to anyone other than Ms. Moreau, for the reasons stated in Medicus' Motion to Bifurcate Proceedings (ECF 46). Medicus also objects to this Request is that Medicus is not required to create new documents. Without waiving the foregoing, information pertaining to Ms. Moreau has been produced.**

3. Produce all DOCUMENTS showing the locations where services were rendered by PLAINTIFF and CLASS MEMBERS during the RELEVANT TIME PERIOD.

   **RESPONSE: See Ms. Moreau's Schedule A's to the Independent Physician Agreement produced with these responses.**

4. Produce all PERSONNEL RECORDS for PLAINTIFF and the CLASS MEMBERS.

   **RESPONSE: Medicus objects to this Request because of the definition of Personnel Records (see objection above). Without waiving the foregoing, Medicus produces the curriculum vitae and credentialing information in its possession regarding Ms. Moreau. Medicus objects to producing all documents that "refer" to the Class Members and did not conduct such an overbroad search.**

5. Produce the contracts, agreements, and Master Services Agreements, along with any addendums thereto, between MEDICUS and each healthcare provider through which PLAINTIFF and the CLASS MEMBERS worked during the RELEVANT TIME PERIOD.

   **RESPONSE: See the Master Medical Service Agreements and Schedule A's thereto produced with these responses, which relate to Ms. Moreau's placements.**

6. Produce any DOCUMENTS MEDICUS maintained to meet its record keeping obligations under the Fair Labor Standards Act (including, but not limited to 29 U.S.C. § 211(c) and 29
   C.F.R. § 561.1 *et seq.*) with respect to PLAINTIFF and CLASS MEMBERS.

**RESPONSE: Medicus objects to this Request because Ms. Moreau was not an employee so Medicus has no record-keeping obligations. Without waiving the foregoing objection, Medicus produces the forms provided by Ms. Moreau reflecting the hours worked.**

7. Produce the DOCUMENT(s) that most accurately reflect(s) the hours each PLAINTIFF and CLASS MEMBER worked each day during the RELEVANT TIME PERIOD.

**RESPONSE: See the forms completed by Ms. Moreau reflecting the hours worked as well as the payment remittances produced with these responses.**

8. Produce MEDICUS' EMPLOYMENT policies that applied to PLAINTIFF and CLASS MEMBERS. This request includes, but is not limited to, all policies dealing with: attendance, tardiness, employee discipline, company holidays, vacation and/or sick pay, employee absences, payment of wages, payment of overtime, and recording of time worked.

**RESPONSE: See the Independent Physician Agreements and their Schedule A's for Ms. Moreau. Other than those, Medicus has no responsive documents.**

9. Produce the employee handbooks, training programs, and any other DOCUMENTS provided to PLAINTIFF and CLASS MEMBERS, either directly by MEDICUS or indirectly by a healthcare provider, which contain policies and procedures regarding the recording and/or payment of wages, bonuses, time worked, and overtime.

**RESPONSE: Medicus objects to that part of this Request that seeks handbooks, training programs, and other documents that were provided "indirectly," as that term is vague and ambiguous. Without waiving and subject to the foregoing objection, Medicus response: None.**

10. Produce the employee handbooks, training programs, and any other DOCUMENTS provided to PLAINTIFF and CLASS MEMBERS, either directly by MEDICUS or indirectly by a healthcare provider, which contain corporate policies and procedures, codes of conduct, or guidelines of any kind.

**RESPONSE: Medicus objects to that portion of this Request that calls upon Medicus to produce documents that may have been provided by third parties Medicus does not control (healthcare providers) to Ms. Moreau. Without waiving the foregoing objections, Medicus responds that it has no documents of its own to produce in response to this Request.**

11. Produce all DOCUMENTS reviewed in determining how to pay PLAINTIFF and CLASS MEMBERS.

**RESPONSE: See the Independent Physician Agreement, Schedule A's to those contracts, and the forms submitted by Ms. Moreau reporting the hours she worked, all of which are produced with these responses.**

12. Produce all communications discussing any PLAINTIFF or CLASS MEMBER's pay. This request includes, but is not limited to, communications describing any offer of

EMPLOYMENT to PLAINTIFF or CLASS MEMBERS. This request specifically does not seek any

DOCUMENTS protected by the attorney-client and/or work product privileges.

**RESPONSE: Medicus objects that this Request is overly broad and unduly burdensome. Without waiving the foregoing, Medicus has conducted a reasonable search and produced documents pertaining to Ms. Moreau.**

13. Produce all DOCUMENTS referring or relating to MEDICUS' policy of paying PLAINTIFF and CLASS MEMBERS straight time for overtime.

**RESPONSE: Medicus objects that this Request is ambiguous in its use of the term "overtime," which has a meaning defined in Ms. Moreau's contract and she apparently espouses a different meaning today. Medicus objects to the extent this Request seeks information protected by the attorney-client and/or work product privileges. Privileged communications and materials sent or created after the filing of the Complaint in this matter have been withheld and will not be logged. Without waiving the foregoing objections, please see the Independent Physician Agreements and their Schedule A's pertaining to Ms. Moreau.**

14. Produce all DOCUMENTS that contain MEDICUS' corporate policies and procedures regarding efforts to comply with the FLSA.

**RESPONSE: Medicus objects to the extent this Request seeks information not relating to nursing professionals such as Ms. Moreau and the Class Members as such information is not relevant to the claims or defenses. Medicus objects because this Request presumes that Ms. Moreau is/was an employee and that the FLSA applies. Medicus narrows its response to just those policies and procedures relating to Ms. Moreau. Without waiving the foregoing objection and subject to the stated narrowing, Medicus responds that it possesses no responsive documents.**

15. Produce all invoices, bills, or other requests for payment exchanged between MEDICUS and any third party, client, or healthcare provider for any work performed by any PLAINTIFF and/or CLASS MEMBER during the RELEVANT TIME PERIOD.

**RESPONSE: See documents produced with these responses, which are limited to the placements Ms. Moreau completed.**

16. Produce all DOCUMENTS supporting MEDICUS' contention that any violation of the FLSA was undertaken in good faith.

**RESPONSE: Not applicable.**

17. Produce any DOCUMENTS MEDICUS exchanged with local, state, and/or federal government agencies related to the wage and overtime pay claims made the subject of this lawsuit, including but not limited to investigative materials, findings, questionnaires, orders, and/or reports.

**RESPONSE: None.**

18. Produce any DOCUMENTS MEDICUS exchanged with local, state, and/or federal

government agencies related to allegations regarding failure to properly pay wages and overtime pay other than those claims made the subject of this lawsuit, including but not limited to investigative materials, findings, questionnaires, orders, and/or reports.

**RESPONSE: Medicus objects that this Request is not reasonably calculated to lead to the discovery of admissible evidence and seeks information that is irrelevant. Without waiving the foregoing objection, Medicus responds that it does not possess any responsive documents.**

19. Produce any DOCUMENTS that MEDICUS contends support the contention that any PLAINTIFF and/or CLASS MEMBER was paid on a "salary basis."

**RESPONSE: Not applicable. Medicus does not contend Ms. Moreau was paid a salary. Therefore, there are no responsive documents.**

20. Produce any DOCUMENTS evidencing any PLAINTIFF or CLASS MEMBER was guaranteed a minimum of $455 (or $684 after January 1, 2020) per week irrespective of the number of days or hours worked.

**RESPONSE: See answer to #19.**

21. Produce any DOCUMENTS evidencing PLAINTIFF or the CLASS MEMBERS were compensated for weeks in which they did not perform work for MEDICUS.

**RESPONSE: Ms. Moreau did not perform any work for Medicus. She performed work for the facilities with whom she accepted an assignment and was paid for that work. The facilities and hospitals did not pay for weeks in which Ms. Moreau provided no services. The documents reflecting the hours worked and what was paid include the IPAs, Schedule As, and time records all produced in response to other requests.**

22. Produce any DOCUMENTS indicating PLAINTIFF and CLASS MEMBERS were not performing work that was or is integral to MEDICUS' business.

**RESPONSE: Medicus is not in the business of providing medical services. Medicus assists hospitals and medical practices and facilities in need of temporary nursing services find nursing professionals willing to perform those services. See the Independent Physician Agreements and Master Medical Services Agreements produced with these responses for a description of the services Medicus provides.**

23. Produce any DOCUMENTS indicating PLAINTIFF and CLASS MEMBERS were exercising managerial skills that affect his or her opportunity for profit and loss.

**RESPONSE: Medicus objects that the term "managerial skills" is vague and ambiguous. Without waiving the foregoing, please see the Schedule A's to the Independent Physician Agreements and the communications produced regarding how Ms. Moreau negotiated her compensation.**

24. Produce any DOCUMENTS indicating PLAINTIFF and CLASS MEMBERS' investments

exceeded those of MEDICUS.

**RESPONSE: Medicus objects that this Request seeks to impose an undue burden on Medicus in that most of the information necessary is in the hands of third parties over whom Medicus exerts no control. Medicus also objects to the request because it does not specify in which entity or person an investment was made.**

25. Produce any DOCUMENTS demonstrating PLAINTIFF and CLASS MEMBERS' skill and initiative.

**RESPONSE: Medicus objects that that portion of this Request that seeks information about a person's "initiative." Without waiving the foregoing objection, Medicus produces the curriculum vitae for Ms. Moreau on the issue of each person's skill.**

26. Produce any DOCUMENTS indicating PLAINTIFF and CLASS MEMBERS' relationship with MEDICUS was not permanent.

**RESPONSE: See the Independent Physician Agreement and their Schedule A's, which are produced with these responses.**

27. Produce any DOCUMENTS demonstrating PLAINTIFF and CLASS MEMBERS were not controlled by MEDICUS.

**RESPONSE: Medicus objects to the extent this Request seeks to require Medicus to produce documents to prove a negative. Without waiving the foregoing objection, Medicus produces the Independent Physician Agreements and the Master Medical Service Agreements with these responses that pertain to Ms. Moreau.**

28. Produce any DOCUMENTS relating to PLAINTIFF and CLASS MEMBERS' job certifications, training, credentials, education, qualifications or any other documents relating to PLAINTIFF and CLASS MEMBERS' skills, experience, or training.

**RESPONSE: Medicus objects that this Request is duplicative of Request No. 25. See Medicus's response to Request No. 25 above.**

29. Produce any instructions directed to PLAINTIFF and CLASS MEMBERS, including, but not limited to: instructions concerning the methods PLAINTIFF and CLASS MEMBERS should use to perform services for MEDICUS.

**RESPONSE: Medicus possesses no responsive documents that have not already been produced. Also, Medicus did not instruct Ms. Moreau on how to perform services for Medicus because she did not perform services for Medicus and Medicus does not provide medical services.**

30. Produce all documents supporting MEDICUS' contention that PLAINTIFF and CLASS MEMBERS were properly classified as independent contractors.

**RESPONSE:** See the documents produced with these responses.

## REQUESTS FOR ADMISSION

1. PLAINTIFF performed work on YOUR behalf during the RELEVANT TIME PERIOD.

   **RESPONSE: Denied.**

2. YOU classified PLAINTIFF as an independent contractor during the RELEVANT TIME PERIOD.

   **RESPONSE: Admitted.**

3. YOU did not pay PLAINTIFF overtime compensation for all hours that she worked in excess of 40 hours each workweek during the RELEVANT TIME PERIOD.

   **RESPONSE: Medicus objects that the term "overtime compensation" is subject to more than one interpretation based on the contract Ms. Moreau signed and her claims in this litigation.**

4. YOU paid PLAINTIFF directly.

   **RESPONSE: Admitted.**

5. PLAINTIFF and CLASS MEMBERS all had similar job duties.

   **RESPONSE: Denied.**

6. During the RELEVANT TIME PERIOD, YOU utilized the services of nurse practitioners classified as independent contractors.

   **RESPONSE: Denied in that Medicus did not utilize any of the nurse practitioners to provide services.**

7. During the RELEVANT TIME PERIOD, YOU paid nurse practitioners straight time for overtime.

   **RESPONSE: Medicus objects that the term "overtime compensation" is subject to more than one interpretation based on the contracts signed by the nurse practitioners and the claims asserted in this litigation.**

8. PLAINTIFF did not set her own work schedule.

   **RESPONSE: Denied.**

9. YOU maintain insurance policies in order to prevent PLAINTIFF from being held personally responsible for work-related liability.

**RESPONSE: Denied in that the insurance policies maintained by Medicus do not prevent her from being held personally responsible; the insurance policies would pay some or all of any settlement or judgment, as well as the costs to defend, any claim asserted (subject to the conditions of the policies). Also denied because the policies Medicus procured were limited to professional malpractice claims, not other types of work-related liability**

10. PLAINTIFF turned in invoices directly to YOU in order to receive compensation.

**RESPONSE: Admitted only in that Ms. Moreau submitted documentation for mileage reimbursement and otherwise denied.**

11. Unless PLAINTIFF worked over 12 hours in a single day, YOU paid PLAINTIFF the same hourly rate for all hours worked, including those hours in excess of 40 hours in a single workweek.

**RESPONSE: Admitted.**

12. YOU never guaranteed PLAINTIFF a set weekly amount of money.

**RESPONSE: Admitted.**

13. YOU relied on advice of counsel in YOUR classification of CLASS MEMBERS as independent contractors.

**RESPONSE: Medicus objects that this Request seeks information that is privileged. Moreover, this Request seeks information that is irrelevant and not calculated to lead to the discovery of admissible evidence, based on the affirmative defenses asserted.**

14. YOUR employees provided PLAINTIFF with her work schedule.

**RESPONSE: Medicus objects that the term "provided" is ambiguous. Medicus denies that it set Ms. Moreau's schedule. Medicus admits that it communicated openings offered by the practice group and Ms. Moreau decided whether to accept or decline those offerings.**

15. PLAINTIFF is required to abide by the terms of any master-service agreement YOU have with any third-party while performing her work.

**RESPONSE: Denied.**

16. Any consulting agreement or other employment contract signed by PLAINTIFF to perform work for YOU or on YOUR behalf is indefinite in nature.

**RESPONSE: Denied.**

17. PLAINTIFF cannot hire or fire any of YOUR personnel.

**RESPONSE: Medicus denies there is any contractual prohibition against Ms. Moreau hiring any of Medicus's personnel. Medicus admits that Ms. Moreau cannot fire any of Medicus's personnel.**

Respectfully submitted,

Medicus Hospitalist Services, LLC

By its Attorneys,

SHEEHAN PHINNEY BASS & GREEN, PA

Dated: February 19, 2021

By: */s/ James P. Harris*
James P. Harris (NH Bar #15336)
John-Mark Turner (NH Bar # 15610)
1000 Elm Street, P.O. Box 3701
Manchester, NH 03105-3701
(603) 627-8152
jharris@sheehan.com
jturner@sheehan.com

and

PAUL HASTINGS, LLP

Dated: February 19, 2021

By: */s/ Kenneth W. Gage*
Kenneth W. Gage, pro hac vice
200 Park Avenue
New York, NY 10166
(212) 318-6046
kennethgage@paulhastings.com

## CERTIFICATION

I hereby certify that on February 19, 2021, I emailed the foregoing to all counsel of record.

*/s/ James P. Harris*
James P. Harris