UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


<u>Leah Moreau</u>

     v.                                  Civil No. 20-cv-1107-JD
                                    Opinion No. 2021 DNH 051
<u>Medicus HealthCare</u>
<u>Solutions, LLC and</u>
<u>Medicus Hospitalist</u>
<u>Services, LLC</u>


<u>O R D E R</u>

Leah Moreau brings suit under the Fair Labor Standards Act
("FLSA"), alleging that Medicus HealthCare Solutions, LLC and
Medicus Hospitalist Services, LLC.[1]  She alleges a putative
collective action under 29 U.S.C. § 216(b) and has filed a
motion for conditional certification.  Medicus moves to
bifurcate the proceedings to allow discovery and to file a
dispositive motion before conditional certification is
considered.  Moreau objects to Medicus's motion to bifurcate.


<u>Background</u>

Under the FLSA, covered employees must be paid time and a
half for hours worked in excess of forty hours in a week.  29
U.S.C. § 207(a)(1).  The FLSA, however, does not protect

---

[1] Both Moreau and the defendants refer to the defendants
collectively as "Medicus", and the court will use the same
terminology.

independent contractors.  Acosta v. Off Duty Police Servs., Inc., 915 F.3d 1050, 1055 (6th Cir. 2019); Yue Yu v. McGrath, 597 F. App'x 62, 65 (3d Cir. 2014).  The FLSA defines a covered employee as "any individual employed by an employer," with certain limited exceptions.  29 U.S.C. § 203(e)(1).  Therefore, whether a person, working for an employer, is classified as an employee or an independent contractor determines whether there is coverage under the FLSA.  When bringing an FLSA claim, a plaintiff may sue on her own behalf and also on behalf of "other employees similarly situated," which is known as a collective action.  § 216(b).

Moreau alleges that she worked for Medicus as a nurse practitioner.  She further alleges that Medicus misclassified her, along with other potential plaintiffs, as an independent contractor and, based on that misclassification, failed to pay them overtime as required under the FLSA.  Moreau seeks overtime payment for the time she, and other potential plaintiffs, worked in excess of forty hours per week during their employment with Medicus.  Moreau has moved for conditional certification of a collective action.

Although neither § 216(b) nor the First Circuit prescribes the procedure for certification of a collective action under § 216(b), certification generally is addressed in two stages.

2

Dyse v. HealthAll Consulting, 433 F. Supp. 3d 35, 38 (D. Mass. 2020); see also Macklin v. Biscayne Holding Corp., 2020 WL 6397929, at *7 (D.R.I. Nov. 2, 2020); Walsh v. Gilbert Enters., Inc., 2019 WL 1206885, at *6 (D.R.I. Mar. 14, 2019); Camp v. Bimbo Bakeries USA, 2019 WL 440567, at *2 (D.N.H. Feb. 4, 2019). The first stage occurs early in the case before the parties engage in substantial discovery and "determines whether notice should be given to potential collective action members and typically results in the conditional certification of the collective action."  Id.  Later, after discovery is complete, the defendant may move to decertify the collective action, asserting that the plaintiffs are not similarly situated.  Id.

## Discussion

Contrary to the usual procedure, Medicus asks the court to bifurcate this case to address the issue of whether Moreau was properly classified as an independent contractor, before considering whether to grant conditional certification as a collective action and provide notice to potential collective action plaintiffs.  Moreau objects to bifurcation on the grounds that Medicus is effectively asking the court to withdraw the scheduling order entered by the magistrate judge and because there is no reason to deviate from the usual procedure.

A.   <u>Scheduling Order</u>

The scheduling order was entered by the magistrate judge on January 20, 2021.  The scheduling order provides for Moreau's motion for conditional certification to be filed by March 15, 2021, and for motions for summary judgment to be filed by November 15, 2021.  The scheduling order also notes Medicus's request to bifurcate the case, states that the magistrate judge declined to address bifurcation, and directs that the issue should be raised by motion to the court.

If bifurcation were granted, the schedule would be changed. Medicus, however, is not asserting any error in the magistrate judge's scheduling order.  Instead, Medicus followed the magistrate's directive to file a motion to bifurcate. Therefore, Moreau's argument based on the scheduling order is meritless.


B.  <u>Merits before Conditional Certification</u>

Medicus argues that it would be more efficient in this case to address the merits of the classification claim before considering conditional certification of the collective action. Moreau objects, arguing that the usual procedure should apply here.  In support, Moreau contends that the bifurcation process

4

would cause delay and would avoid the purpose of a collective action to include other similarly situated plaintiffs.

Although the usual procedure addresses conditional certification before the merits of the claim, when appropriate, a court may proceed differently.  A court may stay consideration of a motion for conditional certification in order to first address a dispositive motion previously or simultaneously filed by the defendant.  See, e.g., Bah v. Enterprise Rent-A-Car Co. of Boston, LLC, 2020 WL 6701324, at *2 (D. Mass. Nov. 13, 2020); Modeski v. Summit Retail Sols., Inc., 2019 WL 10890339, at *3 (D. Mass. Apr. 16, 2019); Weingarten v. Wells Fargo Bank, N.A., 2018 WL 2163646, at *2 (D. Mass. Jan. 30, 2018).

Unlike the cases where courts have stayed consideration of conditional certification to address a dispositive motion, here Medicus has not yet filed a dispositive motion.[2]  Instead, Medicus moves to bifurcate the case to give it time to explore the merits of the classification issue, before the court considers conditional certification of a collective action and provides notice to potential plaintiffs.  The circumstances that

---

[2] In the case that Medicus cites to show that summary judgment on the merits in a FLSA case can be considered before certification of a collective action, the motion for summary judgment was pending before a motion to certify a collective action was filed, which was material to the court's decision. Ellis v. J.R.'s Country Stores, Inc., 779 F.3d 1184, 1207 (10th Cir. 2015).

existed in cases where consideration of conditional
certification was stayed do not exist here.

Medicus argues, nevertheless, that bifurcation is
preferable here because deciding the classification issue based
only on Moreau's circumstances would be easier than deciding the
claim in the context of a collective action.  In support,
Medicus cites a recent case from the Fifth Circuit, Swales v.
KLLM Transport Servs, LLC, 985 F.3d 430 (5th Cir. 2021).

Contrary to Medicus's interpretation, however, the Fifth
Circuit in Swales changed the standard for certification of a
collective action but did not hold that the case should be
bifurcated to consider a dispositive motion before
certification.  Id. at 441-42; McCoy v. Elkhart Prods. Corp.,
2021 WL 510626, at *2 (W.D. Ark. Feb. 11, 2021) (acknowledging
and rejecting the new approach to certification adopted in
Swales); Piazza v. New Albertsons, LP, 2021 WL 365771, at *5,
n.6 (N.D. Ill. Feb. 3, 2021) (same); Solis v. Crescent Drilling
& Prod., Inc., 2021 WL 131333, at *2 n.1 (W.D. Tex. Jan. 14,
2021) (noting that the Fifth Circuit in Swales had significantly
changed the analysis for collective certification).  In
addition, rather than suggesting that the court should first
consider a dispositive motion on the classification issue, the
Fifth Circuit emphasized that the determination of whether to

proceed as a collective action must be made as early as possible
in the case.  Swales, 985 F.3d at 441.  Therefore, Swales does
not support bifurcation as proposed by Medicus.

        C.  Result

     Medicus has not shown that it would be appropriate to
bifurcate this case by staying consideration of Moreau's pending
motion for conditional certification of the collective action in
order to allow time to address the merits of the FLSA
classification issue.  The weight of authority directs courts to
consider conditional certification early in the case and without
considering the merits of the claim.  There is no persuasive
authority cited that would allow a court to avoid consideration
of a motion for conditional certification simply because it
might be easier to address classification before a collective
action is conditionally certified.  In those cases where a
dispositive motion was considered before conditional
certification, the dispositive motion was pending, so giving the
dispositive motion precedence did not cause substantial delay.

     Here, the motion to bifurcate was filed at the same time as
the motion for conditional certification.  The defendants have
not filed a dispositive motion and have provided no persuasive

reason to consider the merits before conditional certification
in this case.  The motion to bifurcate is denied.

## Conclusion

For the forgoing reasons, Medicus's motion to bifurcate the
case (document no. 46) is denied.

Medicus shall file its response to Moreau's motion for
conditional certification **within fourteen days** of the date of
this order.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

March 10, 2021

cc:  Counsel of record.

8