UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| LEAH MOREAU, individually and on behalf of all others similarly situated,<br>Plaintiff,<br>v.<br>MEDICUS HEALTHCARE SOLUTIONS, LLC, and MEDICUS HOSPITALIST SERVICES, LLC<br>Defendants. | Docket No. 1:20-cv-01107-JD |

**MEMORANDUM OF LAW IN OPPOSITION TO CONDITIONAL CERTIFICATION**

The Defendants Medicus Health Care Solutions, LLC and Medicus Hospitalist Services, LLC (collectively "Medicus" or Defendants) oppose Plaintiff's motion to conditionally certify this case as a collective action under 29 U.S.C. § 216(b). Plaintiff seeks to certify a nationwide collective action but unlike most FLSA cases, she does not present any evidence from any potential opt-in plaintiff, but only her own declaration espousing her "belief" about how Defendants treated other nursing and medical professionals. Her testimony is not based on personal knowledge but hearsay conversations with unnamed individuals at the one facility she worked at in Houston. She says nothing about workers who worked at other facilities across the country, nor could she. Multiple courts have rejected such barebones proffers, even under the generous standard that is generally applied to conditional certification motions. This Court should do likewise. Even if the Court grants the motion, it should reject Plaintiff's suggested notice, because it improperly amounts to a solicitation of claims and encourages potential opt-in plaintiffs to hire Plaintiff's counsel and refrain from communicating with defense counsel.

Instead, the Parties should be directed to formulate a mutually acceptable notice and opt-in procedure.

## I. UNDER ANY STANDARD, A SINGLE DECLARATION NOT BASED ON PERSONAL KNOWLEDGE CANNOT ESTABLISH THERE ARE SIMILARLY SITUATED POTENTIAL OPT-IN PLAINTIFFS.

A threshold question for the Court is the standard used to decide whether Plaintiff and potential opt-in plaintiffs are similarly situated. Defendants believe the Court should apply the standard adopted by the Fifth Circuit in *Swales v. KLLM Transp. Servs.*, 985 F.3d 430 (5th Cir. 2021), then examine the available evidence on the classification issue, and conclude there are significant differences among Plaintiff and other locums that preclude certification. *See infra* Part II.C. However, the Court can skip this threshold question, because even under the traditional plaintiff-friendly test commonly used in this Circuit, Plaintiff has not met her burden. She has provided the Court far less evidence than typically precedes conditional certification: a single inadmissible declaration based on hearsay rather than her personal knowledge. *See infra* Part II.A. Even if the Court were to rely on Plaintiff's inadmissible declaration, nationwide conditional certification beyond the Houston hospital where Plaintiff worked is inappropriate. Plaintiff offers no information about the workers at other facilities, because she didn't observe any of their work or talk to any of them. *See infra* Part II.B.

### A. Plaintiff's Only Evidence Is an Inadmissible Declaration.

As the Court observed in its Order denying Defendants' Motion to Bifurcate, in the traditional two-stage FLSA certification paradigm, conditional certification usually is granted. *See Camp v. Bimbo Bakeries USA, Inc.*, 2019 DNH 020, 2019 WL 440567, 2019 U.S. Dist. LEXIS 17127, *4 (D.N.H. Feb. 4, 2019). The standard is "fairly lenient" and requires only that "there is some factual support – as opposed to mere allegations – that the potential plaintiffs are

similarly situated." *Dyse v. HealthAll Consulting, LLC*, 433 F. Supp. 3d 35, 38 (D. Mass. 2020). Yet, even under these low standards, Plaintiffs' paltry evidentiary showing fails.

Unlike the large majority of FLSA collective actions conditionally certified in this Circuit, Plaintiff does not offer any declarations from any other named plaintiff or potential opt-in plaintiffs. *Compare Dyse*, 433 F. Supp. 3d at 38 (granting conditional certification based on declarations from plaintiff and four potential opt-ins); *Klapatch v. BHI Energy I Power Servs., LLC*, 2019 WL 859044, 2019 U.S. Dist. LEXIS 28134 (D. Mass. Feb. 22, 2019) (granting certification based on declarations of two plaintiffs and at least two opt-ins); *Roberts v. TJX Cos.* 2017 WL 1217114, 2017 U.S. Dist. LEXIS 49174, at *12 (D. Mass. Mar. 31, 2017) (granting certification based on deposition testimony of eight plaintiffs and other materials); *Trezvant v. Fid. Employer Servs. Corp.*, 434 F. Supp. 2d 40, 45-51 (granting limited conditional certification based on declarations of four named plaintiffs). Even cases that reject conditional certification often have declarations from potential opt-ins. *See, e.g.*, *Macklin v. Biscayne Holding Corp.*, 2020 WL 6397929, 2020 U.S. Dist. LEXIS 203890 (D.R.I. Nov. 2, 2020). The lack of testimony from other individuals is especially puzzling in this case because Plaintiff says in her declaration that she has spoken with several potential opt-ins. *See* Moreau Decl. ¶16.[1]

---

[1] There is a split of authority on whether a plaintiff is required to identify opt-ins who want to join the suit. *See Bimbo Bakeries*, 2019 WL 440567 (D.N.H. Feb. 4, 2019). In *Bimbo Bakeries*, this Court decided not to require such proof because, at least in part, there was no indication the plaintiffs knew the identity of potential opt-ins and so they needed court-ordered notice to identify opt-ins. *See id.* That is obviously not the case here, because Plaintiff says she has already spoken to potential opt-ins. She should be required to identify them. *See Johnson v. VCG Holding Corp.*, 802 F. Supp. 2d 227, 239 (D. Me. 2011) (denying certification because plaintiffs admitted to knowing other workers "well enough to be aware of their dissatisfaction with the pay system" and thus "Plaintiffs have not established that they require a court order to identify potential members of the putative class who would otherwise remain unknown to the Plaintiffs")

Thus, Plaintiff's evidence is limited to her own declaration, her agreement with Medicus, and one example "Remittance Advice" that shows the amount she received for two weeks' work. The only evidence related to potential opt-in plaintiffs is in her declaration. But Plaintiff's declaration does not satisfy even the minimal burden of a "modest factual showing," *Dyse*, 433 F. Supp. 3d at 39, because much of it is inadmissible. As a general matter, testimony is only cognizable in federal court if it is based on the witness' personal knowledge, *see* Fed. R. Evid. 602, and not based on inadmissible hearsay. "Courts have repeatedly held that only admissible evidence may be considered in connection with a §216(b) motion." *Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862, 865-66 (S.D. Ohio 2005) (collecting cases). This Court routinely rejects affidavits and declarations that do not show or explain the declarant's personal knowledge of the substance of their testimony. *See, e.g., Nimco Real Estate Assocs., LLC v. Nadeau*, 2017 DNH 056, 2017 WL 1088279, 2017 U.S. Dist. LEXIS 41319, at *3-*5 (Mar. 22, 2017) (disregarding declaration where court could not determine witness' personal knowledge). This Court also disregards affidavit testimony when it is based on what a witness "believes" because of what she heard from others. *See, e.g., Kurzon v. HHS*, 2001 DNH 128, 2001 U.S. Dist. LEXIS 26810, at *10-*15 (D.N.H. July 17, 2001).

That is exactly what plaintiff offers. She says that "based on my experience with Medicus, my observations on location, and my conversations with co-workers," (1) workers regularly worked more than forty hours each week but were not paid overtime, *see* Moreau Aff ¶¶8-9, (2) she "believes" all workers reported directly to Medicus supervisors, *id.* ¶11, (3) workers did not have to significantly invest financially in their work, *id.* ¶12, (4) she doesn't "believe" workers had authority to hire, fire, or discipline anyone on location or other Medicus workers, *id.* ¶13, (5) workers had to follow guidelines, expectations, and policies, *id.* ¶15, and (6)

unnamed former co-workers have expressed a "general interest" in recovering back wages and she "believes" based on these conversations that "other workers would be interested to learn about their rights and their opportunity to join this lawsuit," *id.* ¶16.

Plaintiff doesn't profess to know anything about Defendants' interactions or relationship with other locums, other than what she was told by others. Plaintiff's evidence relying on her "conversations with co-workers" is exactly the type of inadmissible hearsay not based on personal knowledge that courts exclude when deciding certification. *See Harrison*, 411 F. Supp. 2d at 865-66 (striking affidavit testimony that co-workers told plaintiff about alleged pay practices). And Plaintiff cannot escape the personal knowledge requirement by saying that her beliefs are based on her "observations." To begin with, she doesn't say what she observed, which is necessary to determine whether she has personal knowledge. *See Brown v. Town of Seabrook*, 2008 DNH 196, 2008 WL 4844213, 2008 U.S. Dist. LEXIS 93655, at *11-*12 (D.N.H. Nov. 6, 2008) (noting affirmative obligation for affiant to demonstrate personal knowledge). Perhaps she could have observed workers working more than forty hours per week in the Houston hospital where she worked if she shared shifts with such workers. She doesn't testify to that, however. Moreover, she had no opportunity to observe whether they "routinely" worked such hours, as she testifies, because she only worked more than 40 hours in a workweek on four occasions, and she was the only one working on Monday-Thursday day shifts. *See* Declaration of Joseph Crowley Decl., Exhibit A hereto, ¶¶17, 21. Plaintiff does not even attempt to explain how she could have observed her co-workers' interactions with Medicus regarding scheduling, pay, or supervision, or what happened with locums in other locations.

Plaintiff's evidentiary showing is even weaker than those rejected by other courts. In *O'Donnell v. Robert Half Int'l, Inc.*, 429 F. Supp. 2d 246, 250-51 (D. Mass. 2006), the two

named plaintiffs submitted their affidavits in support of a conditional certification motion. Like Plaintiff here, the *O'Donnell* plaintiffs sought to certify a nationwide class, who they said were all similarly wrongfully treated as exempt from the FLSA and thus owed overtime. The District of Massachusetts denied the motion. It concluded that the exemption question was a

> fact-intensive inquiry into [the employee's] job responsibilities and autonomy, the management style of the employee's supervisor and whether that employee worked over 40 hours per week. One cannot merely assume, as the plaintiffs have here, that RHI employees throughout the country and corporate structure were subject to the same "policy" of an allegedly improper exemption. Plaintiffs need to show more.

429 F. Supp. 2d at 250. Because the plaintiffs had no knowledge of the management and nature of supervision at offices other than where they worked, the court concluded that they had not proved they were similarly situated to the other potential opt-in plaintiffs. *See id.* The court also concluded the plaintiffs had not established there were any other potential opt-ins who actually wanted to join the suit. *See id.* at 251. The plaintiffs' "belief," like Ms. Moreau's, that others would want to join, was insufficient, because "plaintiffs' personal beliefs, by themselves, are insufficient as a matter of law to satisfy their burden of proof." *Id.*

*O'Donnell* is not an outlier. The District of Rhode Island similarly denied conditional certification based only on a single plaintiff's affidavit. *See Chavira v. OS Rest. Servs., Inc.*, 2019 WL 4769101, 2017 U.S. Dist. LEXIS 167945, at *27-*28 (D.R.I. Sept. 30, 2019) ("To allow a putative collective action to proceed to the notice stage on the basis of one named plaintiff's affidavit, without supporting documentation relevant to Massachusetts locations, pushes an already 'low' burden significantly lower."). In fact, the plaintiff's affidavit in *Chavira* was even stronger than Plaintiff's here because he at least identified five other employees he claimed were similarly situated. *See id.* at *26. There are many similar cases to *O'Donnell* and *Chavira* in this Circuit and outside it. *See, e.g.*, *Rios v. Current Carrier Corp.*, 2015 U.S. Dist.

LEXIS 40362, at *3-*6 (D. Mass. Mar. 30, 2015) (denying certification because plaintiffs provided no "facts about other employees sufficient to compare their situations relative to the plaintiffs'"), *Travers v. Jetblue Airways Corp.*, 2010 WL 3835029, 2010 U.S. Dist. LEXIS 103419, at *9-*10 (D. Mass. Sept. 30, 2010). *Colson v. Avnet, Inc.*, 687 F. Supp. 2d 914, 928-30 (D. Ariz. 2010) (denying certification because plaintiff's evidence was based on "discussions with unidentified co-workers" and "filled with statements that lack personal knowledge" (alterations omitted)).

Plaintiff's showing is no better than those rejected in *O'Donnell*, *Chavira*, and *Rios* and these other cases. Her declaration contains nothing more than speculation based on what unnamed individuals told her. She lacks personal knowledge about the relationships between other workers and Medicus, but just says she was told about them. She doesn't even identify the speakers or describe the hearsay conversations, which makes it impossible for Defendants to respond to the purported "evidence" with specific counters of their own. She doesn't describe the observations she had "on location." She says there is interest in this case by other co-workers but doesn't name them. She doesn't identify where these workers work, or whether she has ever spoken to any worker at any facility other than the Houston hospital where she worked.

Yet, Plaintiff argues that the evidence doesn't matter and that conditional certification is proper merely because "[c]ourts grant conditional certification based on pay practice alone." *See* Pl. Memo. at 9-11. That argument has been flatly rejected. *See Trezvant,* 434 F. Supp. 2d at 43 ("Though the Employees argue that making an unsupported allegation of a common plan is sufficient for conditional certification . . .that position has been roundly rejected."); *Burns v. City of Holyoke,* 881 F. Supp. 2d 232, 236 (D. Mass. 2012). Moreover, the cases are clear that "similarly situated" has two components: first, that Plaintiff and opt-ins were subject to the same

"common policy or plan that violated the law," ***and***, second, the group has "similar (not identical) job duties and pay provisions." *Camp v. Bimbo Bakeries USA, Inc.*, 2019 DNH 020, 2019 U.S. Dist. LEXIS 17127, *4 (D.N.H. Feb. 4, 2019). That is why this Court in *Bimbo Bakeries* didn't conditionally certify just because all the potential opt-ins didn't receive overtime, but instead the Court highlighted evidence of similarities in the way the defendant treated the collective – they all had substantially similar agreements and they were subject to the same policies about what they could sell products, to whom, and at what price. *Id.* at *6. Plaintiff's declaration provides no admissible evidence about other workers.

Moreover, Plaintiff's argument (that the Court need not consider evidence of the Plaintiff's and potential opt-in plaintiffs' similarities or dissimilarities) leads to absurd results. Consider a hypothetical case. There is a uniform policy - no workers are paid overtime, just a straight hourly rate even for hours above forty in a workweek. However, some workers work at the defendant's facility, using the facility's equipment, are told how to do their job by defendant's employee-supervisors who review worker performance, are not allowed to work for any other entity, and must appear as scheduled by the defendant or they will face discipline. A second group of workers supply their own equipment, work at their home, are free to do work for the defendant when they want, receive no instruction or oversight from defendant's employees, and are free to hold other jobs. Under Plaintiff's theory, the mere fact the workers weren't paid overtime binds the two groups together, even though their differences are substantial enough that collectively litigating their cases makes no sense.

Evidence of similarity among the workers is required to avoid such a result. Here, Plaintiff had a minimal burden to show similarity and didn't carry it. Plaintiff's inadmissible declaration provides no evidence and conditional certification must therefore be denied.

### B. At Best, Conditional Certification Should Be Limited to the Facility Where Plaintiff Worked.

Even if the Court were inclined to accept Plaintiff's hearsay-based beliefs about how other medical and nursing professionals were treated, she says those beliefs are based on "observations *on location*" and conversations with "co-workers," *see* Moreau Aff. ¶¶8-9, 11-13 (emphasis added) – in other words, based on her experience and conversations with workers at Houston Methodist Continuing Care Hospital in Houston ("Houston Methodist"). Yet, she seeks nationwide certification beyond Houston Methodist. Plaintiff never explains how she knows anything about Medicus' interactions with professionals in facilities across the country that she never set foot in. She never says she observed them. She doesn't even relate any hearsay conversations or, for that matter, testify that she spoke to other professionals in other facilities.

The Courts have routinely rejected nationwide collectives when evidence is limited to a particular officer or location. In *Dyse v. HealthAll Consulting, LLC*, 433 F. Supp. 3d at 40, the District of Massachusetts conditionally certified a collective of consultants working at a particular hospital in Alabama but denied a nationwide class. According to the *Dyse* court, "for a class to extend beyond the named plaintiffs' own work location, they must demonstrate that 'employees outside of the work location for which the employee has provided evidence' were similarly affected by the employer's policies." *Id.* Because the plaintiff's evidence was limited to workers at the single Alabama location, the class was limited to those workers. Similarly, the court in *Trezvant*, 434 F. Supp. 2d at 50-51, limited conditional certification to workers at a single New Hampshire location because testimony in support of certification was from workers at just at that location.

This is not just the rule in the District of Massachusetts. In *Perez v. Prime Steak House Rest. Corp.*, 959 F. Supp. 2d 227, 231-32 (D.P.R. 2013), the court limited certification to the

single hotel where the named plaintiffs worked because they provided no evidence about the workers or conditions at other locations. Similarly, in *Sjoblom v. Charter Communs., LLC*, 2007 U.S. Dist. LEXIS 93879, 2007 WL 4560541 (W.D. Wis. Dec. 19, 2007), the court disregarded affidavit testimony about the supposed nationwide practices of an employer based on the observations from two Wisconsin employees.

The same result should hold here. Because Plaintiff offers no evidence beyond what she may have heard or observed in Houston, conditional certification, if granted, must be limited to workers at that location.

**C. The Court Should Apply the *Swales* Standard and Review the Existing Evidence on Potential Differences Among Class Members.**

In its Order on the Motion to Bifurcate, the Court addressed the standard used by the District Courts in this Circuit for deciding conditional certification of a collective action. The plaintiff must make a showing that "there is a reasonable basis for [her] claim that there are other similarly situated employees," i.e., that there are other workers that "have similar (not identical) job duties and pay provisions, and are victims of a common policy or plan that violated the law." *Bimbo Bakeries,* 2019 DNH 020, 2019 U.S. Dist. LEXIS 17127, at *5-*6.

Rather than more forgiving standard articulated in *Bimbo Bakeries*, Defendants request that the Court use the standard recently adopted by the Fifth Circuit in *Swales v. KLLM Transp. Servs.*, 985 F.3d 430 (5th Cir. 2021). As already discussed in the Motion to Bifurcate papers, *Swales* changed the conditional certification analysis, at least in classification cases, holding that rather than deciding in the abstract whether potential opt-in plaintiffs are "similarly situated" to the named plaintiff, the District Courts in that Circuit should "consider the evidence relating to this threshold question [control by the defendant] in order to determine whether the economic-realities test could be applied on a collective basis." *Id.* (slip. op. at 19). The types of evidence

that the Fifth Circuit highlighted were variations between the plaintiff and opt-in plaintiffs on the length of their contracts with the defendant and the control the plaintiff and opt-in plaintiffs had over the relationship. *See id.* (slip op. at 19-20).

The Court should apply the *Swales* standard. Again, *Swales* is not binding precedent, but as the Court already noted in its previous order, the traditional two-step certification process is not required by statute or the First Circuit. Nothing prohibits the Court from looking at what the existing evidence on classification shows. With regard to the Plaintiff:

- Plaintiff worked under the Medicus Hospitalist contract for only a few months. *See* Crowley Declaration, Exhibit A hereto, ¶16.
- Plaintiff worked sporadically, reducing work to only a few days a month under the Medicus contract so as not to conflict with her job at her and her husband's plastic surgery practice, which got progressively busier. *Id.* ¶¶9-11, 14-15.
- Plaintiff negotiated her payment terms, such as requiring quicker than usual payment and bonus pay to work unscheduled shifts. *Id.* ¶12.
- Plaintiff refused to work contracted shifts, declined multiple shifts that were available at Houston Methodist, faced no repercussions, and worked other dates thereafter. *Id.* ¶¶13, 16
- Plaintiff had autonomy as a nurse practitioner to care for patients, with no oversight, policies, or rules from Medicus about how to do so. *Id.* ¶¶18-22; Declaration of Kimberly Williams, Exh. B hereto, ¶¶11-15. Plaintiff's point of contact at Medicus, Joseph Crowley (a "recruiter"), did not even know the charting requirements at Houston Methodist, how many nurse practitioners who

worked on the floor, the types of procedures she performed, and the personal protective equipment she used. Crowley Decl. ¶¶21-22.

The evidence also shows that many other locums work sporadically or on a limited basis, often hold down other jobs and merely supplement their income through locum work. *See* Williams Decl. ¶¶6, 8. Other locums, however, have more extensive schedules and do not hold down another job. *See id.* While Plaintiff only worked a very short time under her contract with Medicus Hospitalist, other locums have taken temporary assignments for years. *See id.* ¶10.

The point is not that the Court should decide now that Plaintiff and other locums were correctly classified as independent contractors. The cases make clear that it is premature at this stage to *decide* the merits. *See* Order on Mot. to Bifurcate at 7. But that doesn't mean the court must blindfold itself to evidence relevant to certification and the merits. The evidence presented casts doubt on whether it makes sense to litigate all these claims together when Plaintiff's relationship with Medicus may differ in key ways from other locums. In *Swales*, the Fifth Circuit observed that the plaintiffs and opt-ins (truck drivers) differed in the length of their contracts with the defendant, and the extent of their control over their profitability (by refusing certain regions or customers or their choice of refuelers). *See Swales*, Slip. Op. at 19. Plaintiff and other locums also show similar differences in how long they worked with Medicus Hospitalist, whether they held simultaneous employment, and how they scheduled themselves. Again, the Court doesn't need to decide whether Plaintiff or class members were classified correctly, just that these differences make collective litigation inappropriate.

## II. PLAINTIFF'S SUGGESTED NOTICE IS DEFICIENT.

The Supreme Court has cautioned that conditional certification is a case management tool that should not cross into claims solicitation. *See Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S.

165, 174 (1989) ("In exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality. To that end, trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action."). Plaintiff's proposed opt-in procedures and notice (Exh. E to her memorandum) should be rejected because they cross the line into solicitation in several sections, imply that opt-ins have to retain Plaintiff's current counsel, and prohibit communication with Defendants or defense counsel. The specific deficiencies are listed below, but Defendants believe that the Court should allow the parties time to try to formulate mutually acceptable notice procedures as was done in *Klapatch v. BHI Energy I Power Servs., LLC*, 2019 WL 859044, 2019 U.S. Dist. LEXIS 28134 (D. Mass. Feb. 22, 2019).

The specific deficiencies in the proposed opt-in procedures and notice, Exhibit E, are:

- Plaintiff's counsel should be ordered to safeguard the produced contact information and not use the information for any purpose other than the authorized notice. *See Curtis v. Scholarship Storage, Inc.*, 2015 WL 1241365, 2015 U.S. Dist. LEXIS 33242 at *14-*15 (D. Me. Mar. 18, 2015).
- Opt-in procedures (Pl. Memo. at 13): Plaintiff's counsel is authorized to contact by telephone "former employees or those FLSA class members whose mailed contact information is not valid." The proposed notice already includes text and email notice. Plaintiff's counsel should not solicit claims by telephone calls given the adequate additional notice through text and email.
- Opt-in procedures (Pl. Memo. at 13): Plaintiff seeks to send out a duplicate reminder notice. A single round of multiple types of notice is adequate. *See Moseman v. U.S. Bank, N.A.*, 2018 U.S. Dist. LEXIS 98427, at *7 (W.D.N.C. June 12, 2018).

- Throughout, starting on Page 1, Section 1: The notice repeatedly refers to "Medical Staff Personnel," but that term is not defined and is not used in the Complaint or Plaintiff's Motion for Conditional Certification. "Nursing and Physician Assistant Professionals" should be used instead to match the class definition offered in the Motion for Conditional Certification.
- Page 2, Section 2: This section implies that opt-ins can claim damages for three years prior to certification. This is inaccurate. Opt-in plaintiff will only be able to claim damages for two years prior to their opt-in date, unless they can prove willfulness. *See* 29 U.S.C. §§255(a). This section also implies that returning a Consent Form, which consents to retention of Plaintiff's counsel and control of the case by the current named Plaintiff, is the only way to make a claim. Opt-ins should be told they can also participate by hiring their own attorney or proceeding on their own.
- Page 2, Section 3: The language unduly encourages opt-ins to join through correspondence with Plaintiff's Texas counsel and filing the attached Consent which designates them as the opt-in's attorney. The section should be rewritten to inform potential opt-ins that they can participate by either returning the Consent to Plaintiff's counsel, hiring their own attorney, or proceeding on their own.
- Page 2, Section 4: Again, this section implies that filing a Consent is the only way to participate in the lawsuit, which is inaccurate. The Section should be revised to tell opt-ins that they will be joining as a party and will have discovery obligations, including possible deposition and testimony. The notice should also advise that under Section 10 of the Independent Practitioner Agreement, Defendants claim they are entitled to indemnification of their attorneys if the Court decides the Plaintiff and any opt-ins

plaintiffs were correctly classified. The last section advising opt-ins of the potential loss of rights should be revised to eliminate the language telling opt-ins they may lose their rights unless they agree to the Consent appointing Plaintiff's counsel their attorney.

- Page 3, Section 5: The section tells opt-in if they suspect retaliation they should "immediately call the attorneys listed below." Opt-ins have no obligation to contact or retain Plaintiff's Texas counsel, and should not be instructed or encouraged by the Court to do so.
- Page 3, Sections 6, 8: This section inaccurately says that opt-ins will be represented by Plaintiff's current counsel. Opt-ins should be told they have a choice between current counsel, their own counsel, or proceeding on their own.
- Page 3, Section 7: This section seeks to have the Court tell opt-ins to only contact Plaintiff's current Texas counsel and to ***not*** contact Defendants or defense counsel. There is no prohibition on opt-ins contacting Defendants or defense counsel, and the instruction implies that Defendants or defense counsel will somehow damage them or undermine their claims. There should instead be a neutral recitation of contact information for Plaintiff's and defense counsel, and more prominent notice that opt-ins can hire their own attorney or proceed on their own.
- Page 3, Section 8: The section encourages opt-ins to act promptly and that "time is of the essence." That improperly encourages opt-ins to participate. Instead, opt-ins should just be notified of the sixty-day time limit.

## III. CONCLUSION

For the foregoing reasons, Defendants request that the Court deny conditional certification.

Respectfully submitted,

Medicus Healthcare Solutions, LLC et al.

By Their Attorneys,

SHEEHAN PHINNEY BASS & GREEN PA

Dated: March 24, 2021

By: */s/ James P. Harris*
James P. Harris (NH Bar #15336)
John-Mark Turner (NH Bar # 15610)
1000 Elm Street, P.O. Box 3701
Manchester, NH 03105-3701
(603) 627-8152
jharris@sheehan.com
jturner@sheehan.com

and

PAUL HASTINGS, LLP

Dated: March 24, 2021

By: */s/ Kenneth W. Gage*
Kenneth W. Gage, *pro hac vice*
200 Park Avenue
New York, NY 10166
(212) 318-6046
kennethgage@paulhastings.com

## CERTIFICATION

I hereby certify that on March 24, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

*/s/ James P. Harris*
James P. Harris